NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1408


CHRISTY WAGONER HATFIELD

VERSUS

CHRISTOPHER CLOUD


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 237,359
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**David O. Walker**
**Neblett, Beard & Arsenault**
**P. O. Box 1190**
**Alexandria, LA 71309-1190**
**(318) 487-9874**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    Christy Wagoner Hatfield

**S. Aaron Siebeneicher**
**Johnson & Siebeneicher & Ingram, Inc.**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Christopher Cloud**

**EZELL, Judge.**

Christopher Cloud appeals a trial court judgment dismissing his petition to annul a default judgment entered against him and in favor of Christy Hatfield. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On May 30, 2009, Ms. Hatfield was bitten by Mr. Cloud's dog while at his house. As a result of the bite, she sustained permanent disfiguring injuries to her cheek, nose, sinus cavity, and face. She filed suit against Mr. Cloud on February 1, 2010. Mr. Cloud never answered the suit, resulting in a default judgment on March 11, 2010. A hearing to confirm the default judgment was held on February 21, 2013. The court confirmed the default judgment on March 4, 2013, entering judgment in favor of Ms. Hatfield in the amount of $222,922.83, consisting of $22,922.83 in medical damages and $200,000.00 in general damages.

After receiving notice of the judgment, Mr. Cloud filed a petition to annul the default judgment. Mr. Cloud alleged that the default judgment was obtained by fraud and ill practices because he never received service of process of the petition for damages.

A hearing on the motion to annul the default judgment was held on August 19, 2013. The trial court dismissed the petition for annulment. Mr. Cloud appealed this ruling.

## ANNULMENT OF JUDGMENT

Mr. Cloud argues that the default judgment entered against him was inappropriate given the lack of proper service of the original petition on him. He argues that the trial court should have annulled the default judgment.

Citation and service of process are essential in all civil actions, except those types of cases in which the law provides it is not necessary, and all proceedings conducted without them are absolutely null. La.Code Civ.P. art. 1201(A). "A final judgment shall be annulled if it is rendered . . . [a]gainst a defendant who has not been served with process . . . and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken." La.Code Civ.P. art. 2002(A)(2).

Louisiana Code Civil Procedure Article 1202 sets out the requirements for a valid citation and service:

> The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following;
>
> (1) The date of issuance;
>
> (2) The title of the cause;
>
> (3) The name of the person to whom it is addressed;
>
> (4) The title and location of the court issuing it; and
>
> (5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.

In *Hall v. Folger Coffee Co.*, 03-1734, pp. 6-7 (La. 4/14/04), 874 So.2d 90, 97 (citations omitted), the supreme court held:

> Moreover, [T]he burden of persuasion that applies to a party seeking to overcome the rebuttable presumption afforded a completed sheriff's return of service by La.Code Civ. Proc. Art. 1292 is preponderance of the evidence. Accordingly, the party attacking service must prove that more probably than not, proper service was not made.

When a record contains a completed sheriff's return of service, the trial court must draw the inference that the sheriff's return of service is valid. *Id.* The party attacking the validity of the sheriff's return of service must present appropriate evidence to controvert or overcome the presumption that the sheriff's return of service is valid. *Id.* The trial court must then determine if it is persuaded, by a preponderance of the evidence, by the controverting evidence that service had not been properly made. *Id.* An appellate court's review of factual determinations made by the trial court is under the manifest error/clearly wrong standard. *Id.*

The sheriff's return introduced into evidence shows that it was issued on February 2, 2010, in the matter of "Christy Hatfield versus Christopher Cloud" in the ninth judicial district court for Rapides Parish. It contained a petition for damages in addition to interrogatory and requests for production of documents. The return was signed by the clerk of court. The return also shows personal service was made on Christopher Cloud at his residence on February 3, 2010, by a Deputy Eubanks.

To controvert the presumption of the validity of the sheriff's return, Mr. Cloud testified that he was never served with the petition for damages by law enforcement regarding the incident. He contended that he first received notice about the lawsuit when he got the judgment. As further support that he was not served with the petition, Mr. Cloud contends that the sheriff's deputy, who testified at trial, did not even recognize Mr. Cloud.

Brandon Eubanks, who was no longer with the Rapides Sheriff's Office at the time of trial, agreed that he had no independent recollection of Mr. Cloud. In reviewing the cover sheet to the sheriff's return, he explained that he did remember that he first attempted service on Mr. Cloud at 9:46 a.m. Mr. Eubanks was unable

3

to reach the house, the gate was locked, and there was a big dog. He left a card. Mr. Eubanks returned approximately twenty minutes later at 10:03 a.m. Mr. Eubanks recalled making personal service on someone who identified himself as Christopher Cloud, a gentleman fitting the build of Mr. Cloud in the courtroom. Mr. Eubanks specifically recalled that there was a large fence surrounding the yard and no vehicle at the house on his first attempt. When Mr. Eubanks returned, the gate was open and there was a motorcycle in the driveway. Mr. Cloud testified that he never saw Mr. Eubanks before.

Bridget Dunn, chief civil deputy with the Rapides Parish Sheriff's Office, testified that if the original documents had not been served, they would have been returned, given to the clerk of court's office, and filed in the suit record. The original documents were not in the suit record.

Mr. Cloud points out that he advised his insurance agent about the incident and also reported the incident to the sheriff's department, reporting that Ms. Hatfield trespassed on his property. Because he took these steps, Mr. Cloud claims that he certainly would have reported that he had been sued to his insurance agent. We note that Mr. Cloud only told his insurance agent about the incident because the agent happened to be at his house taking some pictures needed to underwrite the policy on Mr. Cloud's house that had been missed. The policy only became effective right before this incident on May 14, 2009.

Mr. Cloud also argues that the record is replete with instances where service of additional pleadings were attempted upon him but never made. However, we note that the returns on these items indicate they were not served. This does not mean that the original petition was not served, especially since the return does indicate that it was personally served.

4

We agree with the trial court's decision that Mr. Cloud did not overcome the presumption that he was personally served with the petition for damages. The evidence and testimony clearly establish that Mr. Cloud was served with the petition for damages. The trial court was correct in dismissing Mr. Cloud's petition for annulment of judgment.

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Christopher Cloud.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.